UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LC RICHARDSON,<br><br>    Defendant. | Case No. 16-cr-40019-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant LC Richardson ("Defendant" or "Richardson") *pro se* motion for leave to file additional evidence, which the Court construed as a motion to reconsider. The Court denied Richardson's motion for compassionate release pursuant to First Step Act on April 17, 2023. (Doc. 39). On May 1, 2023[1], Richardson filed his motion for leave to file additional evidence. (Doc. 40). Because of the Court's denial, and Richardson's subsequent motion, the Court construed this motion as a motion to reconsider and ordered the Government to respond to Richardson's new evidence. (Doc. 41). The Government responded. (Doc. 43). Richardson subsequently filed a "motion for copy" because he did not receive a copy of the Court's denial of his compassionate release (Doc. 39). On June 9, 2023, Richardson replied to the Government's response to Richardson's new evidence. (Doc. 46). In that reply, Richardson indicates that had he received notice of the Court's denial, he would have filed a notice of appeal. (Doc. 46). He objects to the Court construing his motion as a motion to reconsider.

First, the Court addresses the substance of Richardson's motion. He states that he has a

---

[1] Pursuant to the prison mailbox rule, a court considers a filing from a prisoner to be filed at the moment it is handed to prison authorities for mailing.

1

protruding lump in his lower back causing his vertebrae to buckle. The Court ordered the Government to respond to that complaint. (Doc. 41). In the Government's response, they point to medical records in which Richardson complained of back pain. According to the medical records from May 3, 2023, the medical records state the following: "He [Richardson] mentions a 'knot' on his back but on exam it was revealed to be his normal spinous process only felt in some areas due to body habitus." (Doc 43 at 2). This refers to body size.

Additionally, Richardson's motion for leave to file additional evidence (as it was captioned), would not have changed the Court's decision to deny Richardson's motion for compassionate release. Richardson points to the buckling of his vertebrae, as well as a "sick call" wherein he was not properly treated as a medical emergency in light of the pain in his back. As already stated by this Court, a motion for compassionate release is not a proper avenue to complain of medical issues. Therefore, to the extent Richardson is challenging the conditions of his confinement, this is properly brought forth under a claim for negligence. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (If a prisoner is "challenging the conditions rather than the fact of confinement, ... his remedy is under civil rights law."). Additionally, the Court points to the order's analysis of the § 3553(a) factors, which weighed against release. Richardson does not point to the Court's analysis of the factors. The Court therefore will deny Richardson's motion (Doc. 40). If the motion was captioned as a "motion for leave to file additional evidence" that evidence is considered and would not have made a difference in the Court's decision.

Additionally, for the reasons stated above, if the Court were to consider this under a motion to reconsider, that motion would be denied. Although not mentioned specifically in the Federal Rules of Criminal Procedures, motions for reconsideration in criminal cases are proper and, if filed within the appeal period, will defer the running of that period until the motion is

resolved. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6 (1991). Such a motion may be appropriate where the Court "has misapprehended the issues, where a significant change in the law has occurred, or where significant new facts have been discovered." *United States v. Redmond*, No. 3:14-cr-30109-NJR, 2020 WL 7342712, at *1 (S.D. Ill. Dec. 14, 2020). Because the Court has found that it has not misapprehended the issues, Richardson has not pointed to any significant change in the law, and no significant new facts have been discovered that change the Court's initial decision, the Court will deny Richardson's motion.

**IT IS SO ORDERED.**
**DATED:  June 21, 2023**

                                            **/s/  J. Phil Gilbert**
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**