UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

L.C. RICHARDSON

      Defendant.

Case No. 16-cr-40019-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant L.C. Richardson's second *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 59).  The Government has responded (Doc. 63), and the defendant has replied to that response (Doc. 67).

## I.    Compassionate Release

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move.  First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).  The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release.  Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction. . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2) (2023).[2] The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

for this case:

> **(1) Medical Circumstances of the Defendant.**—
>> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>> **(B)** The defendant is—
>>> **(i)** suffering from a serious physical or medical condition,
>>> **(ii)** suffering from a serious functional or cognitive impairment, or
>>> **(iii)** experiencing deteriorating physical or mental health because of the aging process,
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>> **(D)** The defendant presents the following circumstances—
>>> **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>> **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>> **(iii)** such risk cannot be adequately mitigated in a timely manner.

> \* \* \*

> **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

> **(6) Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b) (2023).

The guideline further states that non-retroactive changes in the law may not be considered in determining whether an extraordinary and compelling reason exists, but they may be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist.  U.S.S.G. § 1B1.13(c) (2023).  The guideline also provides that the rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction.  U.S.S.G. § 1B1.13(d) (2023).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction.  18 U.S.C. § 3582(c)(1)(A).  The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden.  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.  The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2023).

## II.    Analysis

In 1998, this Court first sentenced Richardson to 327 months' imprisonment for federal drug crimes.  Case No. 98-cr-40040.  He was also convicted and sentenced to 20 years' imprisonment for first degree murder in the State of Illinois.  Richardson served his time and was released to federal supervised release.

On April 5, 2016, a federal grand jury indicted Richardson for two counts of being a

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government.  *Gunn*, 980 F.3d at 1179.

4

felon in possession of a firearm and one count of distribution of heroin.  He was arrested on April 5, 2016.  On September 14, 2016, Richardson pleaded guilty to the three counts in the indictment.  On December 21, 2016, the Court sentenced him to 235 months' imprisonment.  In doing so, it found he was an Armed Career Criminal ("ACC") under 18 U.S.C. § 924(e) based on his 1998 federal Controlled Substance Act conviction and his Illinois convictions for murder, delivery of a controlled substance (cocaine), and possession with intent to distribute cocaine.  His ACC status established his offense level as 34, higher than it would have been otherwise, reduced by 3 points for acceptance of responsibility.  U.S.S.G. § 4B1.4(b)(3)(A) (2015).  It also elevated his criminal history from IV (8 points) to VI.  U.S.S.G. § 4B1.1(c)(2) (2015).  The Court ordered his 235-month sentence for the offense and his 15-month sentence for revocation of his 1998 federal conviction to run consecutively.

The Court denied a previous motion for compassionate release in April 2023 finding that Richardson had not established extraordinary and compelling reasons for relief based on his health conditions, which were being treated by the BOP, or his rehabilitation, and that the § 3553(a) factors weighed against his release (Doc. 39).

Richardson is currently 48 years old and is incarcerated in the Federal Correctional Institute in Beckley, West Virginia.  His current release date is November 26, 2034.  Find an Inmate, https://www.bop.gov/inmateloc/ (visited Mar. 6, 2026).

In the pending motion, Richardson seeks to take advantage of several developments in the law—statutory changes, guideline changes, and caselaw—that, if retroactive, might have lowered his sentence.  Richardson believes that because he cannot take advantage of these non-retroactive changes, his sentence is an "unusually long sentence" ("ULS").  *See* U.S.S.G. § 1B1.13(b)(6).  He also makes passing reference to his ill health.  He seeks a reduction of

5

sentence to "time served."

The Government points out that Richardson has not yet served 10 years of incarceration, a prerequisite for a reduction under U.S.S.G. § 1B1.13(b)(6) (2023) for a ULS.  Even if he had served 10 years, the Government argues, his sentence is not "unusually long" because it is within the guideline range.  It argues he cannot take advantage of non-retroactive changes in the law through a motion for reduction when such relief is only available, if at all, through 28 U.S.C. § 2255.  Further, it notes that under the relevant policy statement, changes in the law cannot establish extraordinary and compelling reasons for relief.  It notes that Richardson submits no records showing his health has substantially changed since the Court denied his previous motion for a reduction in April 2023.  Finally, it argues the § 3553(a) factors continue to weigh against relief, especially in light of the six additional disciplinary infractions Richardson has committed since the Court denied his previous motion.

The Government has not invoked exhaustion of remedies as a defense, so has waived that argument.

The Court finds Richardson has not established an extraordinary and compelling reason for relief.  He has not met the threshold timing requirement to show he was sentenced to a ULS. At the time Richardson filed his motion on June 30, 2025, he had not yet served 10 years of his sentence, which is required before the Court could even consider whether his sentence was an extraordinary and compelling reason for relief.  He was arrested and began his detention on April 5, 2016, less than 10 years ago.  Even if the Court were to use the date of this order as the relevant date, he still comes up short.  Thus, there is no need to consider the questions of whether he has a ULS or whether the Sentencing Commission exceeded its authority in promulgating the ULS provision as an extraordinary and compelling reason.

As for Richardson's health problems, while substantial, they are not extraordinary and are being cared for by BOP medical personnel. As they Court noted with respect to his earlier motion for compassionate release, his health does not constitute an extraordinary and compelling reason for relief.

Even if there were extraordinary and compelling reasons for compassionate release, Richardson is still a danger to the safety of others in the community. The Court's analysis of the § 3553(a) factors at the sentencing hearing and at the denial of his first motion for compassionate release in April 2023 continues to apply now. The only material change in the facts since then is that Richardson has committed six other disciplinary infractions. This shows he still cannot follow the rules imposed to protect others from people like him. The Court continues to believe it is important for Richardson to serve out the remainder of his sentence in prison because of the seriousness of his offenses, his continued disrespect for the law, and the danger he poses to society.

## III.    Conclusion

For all of these reasons, the Court **DENIES** Richardson's motion for a § 3582(c)(1)(A) sentence reduction (Doc. 59).

**IT IS SO ORDERED.**
**DATED:  March 10, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
